64 A.3d 589

GEOVANNI R. REGALADO, PLAINTIFF-APPELLANT, v. AMADA CURLING, MUNICIPAL CLERK OF THE CITY OF PASSAIC, AND KRISTEN CORRADO, PASSAIC COUNTY CLERK,[1] DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Telephonically Argued April 25, 2013—Decided April 26, 2013.

---

[1] Prior to oral argument, Assistant Passaic County Counsel, Michael H. Glovin, submitted correspondence advising that Kristen M. Corrado, Esq., Passaic County Clerk, was named as a "nominal" defendant for purposes of notice (*N.J.S.A.* 40:45–15) and that "she does not take a position on the allegations."

Before Judges AXELRAD, SAPP–PETERSON and NUGENT.

*Lawrence G. Tosi* argued the cause for appellant.

*Christopher K. Harriott* argued the cause for respondent Amada Curling, Municipal Clerk of the City of Passaic (*Florio & Kenny, L.L.P.*, attorneys; *Mr. Harriott,* on the brief).

The opinion of the court was delivered by

SAPP–PETERSON, J.A.D.

In this appeal, we consider the dismissal of plaintiff, Geovanni R. Regalado's verified complaint seeking an order restraining defendant, Amada Curling, in her capacity as Municipal Clerk, City of Passaic (City), from printing his name on the election ballot as a mayoral candidate for the City's May 14, 2013 municipal election. The Law Division judge found plaintiff's withdrawal request was untimely, having been submitted less than the sixty-day requirement for such withdrawal, as set forth in *N.J.S.A.* 19:13–16. We reverse.

The following facts are undisputed. Plaintiff appeared before Curling at 8:30 a.m. on March 21, 2013, the day set aside for drawing positions on the ballot. Plaintiff verbally advised her that he wished to withdraw his nominating petition for the office of mayor. Curling refused to accept the verbal notice. Plaintiff returned at noon that same day with a written notice requesting withdrawal of his nominating petition. At that point, the ballot positions had still not been drawn. Once again, however, Curling refused to withdraw plaintiff's name as a candidate, relying upon her interpretation of *N.J.S.A.* 40:45–9d.[2] Plaintiff also submitted his written withdrawal request with the County Clerk, who accepted it for filing.

Plaintiff filed an order to show cause and verified complaint seeking to enjoin Curling from printing ballots that included his name and directing her to remove his name as a candidate. The Law Division judge granted temporary injunctive relief but subsequently dissolved the restraints and dismissed the verified complaint. The judge concluded plaintiff's complaint was time-barred pursuant to *N.J.S.A.* 19:13–16. Plaintiff sought emergent relief before this court, which we granted, and simultaneously filed his

---

[2] During oral argument, counsel, on behalf of the City, agreed *N.J.S.A.* 40:45–9d applies to amendments to nominating petitions and advised that the City was not advancing this argument on appeal since the Law Division judge relied upon *N.J.S.A.* 19:13–16 in reaching his decision.

notice of appeal. The parties agreed that the briefs submitted in support of and in opposition to the emergent motion should be treated as their merits briefs.

Plaintiff seeks permanent injunctive relief, barring the Municipal Clerk from including his name on the May 14 ballot. Generally, decisions relating to injunctive relief are reviewed under an abuse of discretion standard. *Stoney v. Maple Shade Tp.*, 426 *N.J.Super.* 297, 307, 44 *A.*3d 601 (App.Div.2012) (citing *Horizon Health Ctr. v. Felicissimo*, 135 *N.J.* 126, 137, 638 *A.*2d 1260 (1994)). However, our review is de novo where the disputed issue is a question of law. *Ibid.* (citing *Thornburgh v. Am. Coll. of Obstetricians & Gynecologists*, 476 *U.S.* 747, 757, 106 *S.Ct.* 2169, 2177, 90 *L.Ed.*2d 779, 791–92 (1986)). *N.J.S.A.* 19:13–16 provides:

When a person nominated as herein provided by direct petition or State convention for election to public office at the general election shall, at least 60 days before the day of the general election, in a writing signed by him and duly acknowledged, notify the officer with whom the original petition or certificate of nomination was filed that he declines the nomination, the nomination shall be void.

This provision is expressly applicable to general elections. *See N.J.S.A.* 19:1–1 (defining general election as "the annual election to be held on the first Tuesday after the first Monday in November ..." and municipal election as "an election to be held in and for a single municipality only, at regular intervals"). Whether this provision applies to the City's May 14 municipal election, as the Law Division judge found, need not be resolved here, as we are satisfied that assuming its applicability, the time constraints set forth therein may be relaxed where enforcement of the right of choice in the election process is unreasonably thwarted. *Gangemi v. Rosengard*, 44 *N.J.* 166, 170, 207 *A.*2d 665 (1965) (noting " '[t]he right to vote freely for the candidate of one's choice is of the essence of a democratic society, and any restrictions on that right strike at the heart of representative government' ") (quoting *Reynolds v. Sims*, 377 *U.S.* 533, 555, 84 *S.Ct.* 1362, 1378, 12 *L.Ed.*2d 506, 523 (1964)).

Fifty years ago, Chief Justice Vanderbilt stated: "Election laws are to be liberally construed so as to effectuate their purpose.

They should not be construed so as to deprive voters of their franchise[.]" *Kilmurray v. Gilfert,* 10 *N.J.* 435, 440, 91 *A.*2d 865 (1952) (citations omitted). "The concept is simple. At its center is the voter, whose fundamental right to exercise the franchise infuses our election statutes with purpose and meaning." *New Jersey Democratic Party, Inc. v. Samson,* 175 *N.J.* 178, 186, 814 *A.*2d 1028 (2002). Moreover, as expressed by the late United States Supreme Court Justice William Brennan, while sitting in the Law Division:

> The right of a candidate for public office to resign is an inherent right of the individual. The right, however, must give way to reasonable legislative restrictions and also, in my view, to overriding public considerations in any circumstances where to accord the right of withdrawal would be inimical to the public interest.
>
> [*Introcaso v. Burke,* 3 *N.J.Super.* 276, 278–79, 65 *A.*2d 786 (Law Div.1949) (quotation and citation omitted).]

Reviewed under the lens of these principles, we are satisfied the Law Division judge mistakenly exercised his discretion when he denied permanent injunctive relief to plaintiff and declined to order the Municipal Clerk to print ballots without plaintiff's name. The ballots have not yet been printed. At the time plaintiff presented his written withdrawal, the positions on the ballot had not yet been drawn. We reject the City's contention that printing ballots without plaintiff's name will cause confusion to the voting public. Rather, we conclude the greater harm results from plaintiff's name remaining on the ballot, potentially resulting in a voter casting a vote for a candidate who is no longer pursuing the office, thereby depriving that voter of the opportunity to cast a meaningful vote for another viable candidate. Such a result is "inimical to the public interest[,]" *Introcaso, supra,* 3 *N.J.Super.* at 279, 65 *A.*2d 786, and inconsistent with the overriding public policy that "election laws are to be liberally construed" so as not to disenfranchise voters. *Kilmurray, supra,* 10 *N.J.* at 440, 91 *A.*2d 865.

The April 17, 2013 order is reversed and the matter remanded to the Law Division for entry of an order directing the Municipal Clerk to print ballots for the May 14, 2013 municipal elections

without plaintiff's name as a candidate for the mayoral office. We do not retain jurisdiction.

Reversed.